IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CESAR FLORES, | § | |
| | § | No. 37, 2016 |
| Defendant Below-<br>Appellant, | § | |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1306011063 |
| Plaintiff Below-<br>Appellee. | § | |
| | § | |

Submitted: June 1, 2016[1]
Decided: August 1, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 1st day of August 2016, upon consideration of the appellant's opening brief, the State's motion to affirm and supplemental motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Cesar Flores, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. The State has filed a motion to affirm the Superior Court's judgment on the ground that it

---

[1] After filing his opening brief on appeal, the appellant filed a motion requesting that his case be remanded to the Superior Court for the appointment of counsel and for reconsideration of his motion for postconviction relief. We hereby deny the motion for remand and appointment of counsel.

is manifest on the face of Flores' opening brief that his appeal is without. We agree and affirm.

(2) The record reflects that Flores and his codefendant, Bryan Harris, were arrested in June 2013 for an armed robbery of the Mi Ranchita Mexican Food Market in Newark, Delaware. Flores held the owner's daughter at gunpoint while he sought out the owner. Flores also restrained both the owner's daughter and a store customer with zip ties while he went to the back of the store. Flores and Harris took about $12,000 in cash. The robbery and getaway were captured on the store's surveillance video. Flores was indicted in August 2013 on three counts of Robbery in the First Degree, four counts of Possession of a Firearm during the Commission of a Felony ("PFDCF"), two counts of Aggravated Menacing, Possession of a Deadly Weapon by a Person Prohibited, Burglary in the Second Degree, and Conspiracy in the Second Degree.

(3) On May 20, 2014, Flores pled guilty to three counts of Robbery in the First Degree, one count of PFDCF, and one count of Burglary in the Second Degree. The guilty plea colloquy reflects Flores' acknowledgment that he faced a mandatory sentence of life imprisonment under 11 *Del. C.* §

4214(b) because of his prior criminal record.[2]  In exchange for his guilty plea, however, the State agreed not to seek habitual offender sentencing and to recommend a fifteen-year prison term.  Flores acknowledged during the plea colloquy that he faced a minimum mandatory sentence of fifteen years and a maximum sentence of 108 years.[3]  On September 19, 2014, the Superior Court sentenced Flores to a total period of eighty-eight years at Level V incarceration to be suspended after serving nineteen years in prison followed by decreasing levels of supervision.

(4)  Flores did not file a direct appeal.  Instead, on February 3, 2015, Flores filed a motion for postconviction relief alleging that: (i) his plea was not knowing, intelligent, and voluntary due to the ineffective assistance of his counsel; (ii) the State engaged in misconduct by adding "unaffiliated"

---

[2] In its decision on appeal, the Superior Court stated that the presentence investigation report revealed that Flores had prior convictions for PFDCF, Robbery in the First Degree, Possession of a Firearm by a Person Prohibited, and Delivery of Cocaine. *State v. Flores*, Cr. ID No. 1306011063, at 3 n.2 (Del. Super. Dec. 29, 2015).

[3] There was a miscalculation on the guilty plea form, which incorrectly listed the potential maximum penalty as 58 years.  It appears that, rather than list each robbery offense separately, the State used the shorthand "Robbery 1st x 3" on the form, but then failed to multiply the maximum 25-year sentence for Robbery in the First Degree by three when calculating the overall maximum sentence.  Because of this error, the Court directed the State to file a supplemental motion to affirm addressing whether this error had any impact on Flores' case.  The State argues it does not. After reviewing the transcript of the guilty plea colloquy, the Court is satisfied that the Superior Court conducted a complete and careful colloquy and that Flores was informed and understood that the sentencing range for the offenses to which he was pleading guilty was 15-108 years and that the calculation error on the guilty plea form did not affect his substantial rights. *Abdul-Akbar v. State*, 1999 WL 507292 (Del. June 1, 1999).

3

charges to the indictment; and (iii) the Superior Court abused its discretion by sentencing Flores in excess of the State's recommendation. After receiving defense counsel's affidavit and the State's response, the Superior Court denied Flores' motion in an eighteen-page decision dated December 29, 2015. This appeal followed.

(5) After careful consideration of Flores' opening brief, the State's motion to affirm, and the record on appeal, we find it clear that the judgment below should be affirmed on the basis of, and for the reasons set forth, in the Superior Court's well-reasoned decision dated December 29, 2015. With respect to Flores' claims that the prosecutor engaged in misconduct by indicting him on "unaffiliated charges" and that the Superior Court erred in sentencing him in excess of the State's recommendation, we find no error in the Superior Court's holding that these claims were barred by Superior Court Criminal Rule 61(i)(3)[4] because of Flores' failure to raise these claims in a direct appeal, and Flores had failed to overcome this procedural hurdle. Furthermore, with regard to his ineffective assistance of counsel claims, we

---

[4] Del. Super. Ct. Crim. R. 61(i)(3) provides that any postconviction claim that was not raised in the proceedings leading to the judgment of conviction is thereafter barred unless the defendant can establish cause for failing to raise the claim earlier and prejudice.

conclude that the Superior Court did not err in finding that Flores had failed to establish any prejudice under the *Strickland*[5] standard.

(6)     Moreover, Flores stated under oath at his plea colloquy that he was satisfied with his counsel's representation.  He indicated that he fully understood the charges against him and that he understood the consequences of pleading guilty.  He stated that he was pleading guilty because he was, in fact, guilty of the charged offenses.  He also stated, among other things, that no one had threatened him or coerced him into pleading guilty. In the absence of clear and convincing evidence to the contrary, Flores is bound by these statements.[6]  We thus reject Flores's claim that his guilty plea was not knowing, intelligent, and voluntary due to his counsel's ineffectiveness.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[5] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).  Under *Strickland*, a defendant must demonstrate that: (a) counsel's conduct fell below an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.

[6] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).